Billy Thompson and his wife, Diane Thompson, appeal from a summary judgment entered in favor of National Health Insurance Company, Inc. ("National Health"); Jess Jordan, former regional manager for National Health; and Herb Groves, sales agent for the Jess Jordan Agency, on the Thompsons' claims of fraud and bad faith.[1] National Health refused to pay the claims submitted by the Thompsons as to their minor child on the ground that the Thompsons misrepresented the child's prior medical history on the insurance application.
On October 5, 1984, the Thompsons applied for health insurance coverage with National Health, through Groves. In filling out the application, the Thompsons did not state that their child was suffering from a blood disorder known as Von Willebrand's Disease.[2] They did, however, inform Groves of the condition, and he told the Thompsons that upon submission of the application, National Health would request medical records, from which the disorder would be evident. Groves further assured the Thompsons that unless the policy was returned with a rider or a written exclusion, their child would be covered. The Thompsons signed the application, which contained their acknowledgement regarding the truth and accuracy of their answers and the effect that a false answer might have on their rights under the policy.
By letter dated November 5, 1984, National Health informed the Thompsons that their application had been approved. The letter, with a copy of the policy and application attached, stated, in part:
 "Many factors are considered when making a decision to issue a health care protection plan. Your policy was issued based on the answers you furnished in your application. We trust you provided complete and accurate information. Therefore no medical examination was required. Review your application; if any information is missing or is incorrect — call us immediately. Remember — our issuance of your policy was based on your answers." *Page 14 
On March 4, 1986, the Thompsons submitted a claim to National Health for payment of expenses related to a hospitalization of their child. At that time, National Health requested medical records and documents concerning the child's hospitalization and treatment; these records were received by National Health in April 1986. On April 8, 1986, National Health rescinded the policy of insurance as it related to the child only.
On January 8, 1987, National Health filed a declaratory judgment action in Bibb County against the Thompsons. On the same day, the Thompsons filed suit against National Health; Jordan; the Jess Jordan Agency; and Groves, in Montgomery County. The Thompsons' case was transferred and consolidated with National Health's declaratory judgment action. In their answer to National Health's complaint, the Thompsons asserted breach of contract, fraud, and bad faith. National Health then filed a third-party complaint against Jordan and the Jess Jordan Agency. Motions for summary judgment were subsequently filed. Before ruling on the motions for summary judgment, the trial court realigned the parties, naming the Thompsons as plaintiffs and all other parties as defendants. The trial court entered a summary judgment as to all defendants on the fraud and bad faith claims. That judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P.
On appeal, the Thompsons argue that the trial court erred in entering summary judgment on the fraud and bad faith claims. In reviewing a summary judgment, "[i]t is well settled that summary judgment is proper only where the moving party has clearly shown the absence of any genuine issue of material fact and is entitled to judgment as a matter of law." Osborn v.Johns, 468 So.2d 103, 108 (Ala. 1985). Rule 56(c), Ala.R.Civ.P.
The appellees argue first that the Thompsons' fraud claim is barred by the appropriate statute of limitations. We disagree.
 "The question of when a party discovered or should have discovered fraud which would toll the statute of limitations is for the jury."
Vandergrift v. Lagrone, 477 So.2d 292, 295 (Ala. 1985) (citations omitted). There are facts in this case from which the jury could have concluded that the Thompsons acted reasonably with regard to their discovery of the alleged fraud. Therefore, summary judgment as to the fraud issue was inappropriate.
The Thompsons' bad faith claim, however, is unfounded. To establish bad faith refusal to pay a claim, the Thompsons must show:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
 "In short, the plaintiff must go beyond a mere showing of nonpayment and prove a bad faith
nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.
 "The 'debatable reason' under (c) above means an arguable reason, one that is open to dispute or question. Webster's Third New International Dictionary (1931) at 116. See Chavers [Chavers v. National Security Fire Ins. Co., 405 So.2d 1 (Ala. 1981)] at 10; see also Embry, J., concurring on rehearing in Aspinwall v. Gowens, Ala., 405 So.2d 134 (1981)."
National Security Fire Cas. Co. v. Bowen, 417 So.2d 179, 183
(Ala. 1982). *Page 15 
National Health denied coverage based on the pre-existing condition exclusion in its policy. It is undisputed that the medical condition of the Thompsons' child pre-dated the application for coverage with National Health. It is also undisputed that the Thompsons knew at the time the application was submitted that the application did not reflect their child's pre-existing medical condition.
The information before National Health at the time of denial was sufficient to establish at least an arguable or debatable reason for denying the Thompsons' claim. Because we find that there was an absence of any genuine issue of material fact as to the bad faith claim, the trial court did not err in entering the judgment in favor of National Health as to that issue.
As to the bad faith claim, the summary judgment is due to be affirmed. As to the fraud claim, the summary judgment is reversed, and the case is remanded as to that claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] In the Thompsons' notice of appeal to this Court, the Jess Jordan Agency was not listed as an appellee; it is, therefore, not a party to this appeal.
[2] A type of hemophilia.