This appeal presents the issue of when a plaintiff is charged with knowledge of fraud by a defendant so as to begin the running of the statutory period of limitations. We hold that in this case the plaintiff's actual knowledge of fraud turns on whether she could justifiably rely on the defendant's representations that she had received all that was due under her insurance policies. We reverse the summary judgment entered by the trial court on the statute of limitations ground.
In December 1983, plaintiff Rosa Mae Howard's husband was diagnosed with cancer and was hospitalized three times before his death on January 27, 1984. At the time of her husband's death, Howard was paying premiums to the defendant, Mutual Savings Life Insurance Company ("Mutual Savings"), for several health insurance policies then in effect for her and her husband.
In August 1990, Howard sued Mutual Savings, alleging that it had fraudulently failed to pay to her all amounts that were due under various policies she maintained with the company. In deposition, she testified that she talked with Mutual Savings officers approximately a week after the death of her husband, because, she said, she "did not feel they had paid where the insurance man told us that they would." Howard further testified as follows:
"Q. And what prompted you to go to Mutual Savings?
 "A. Well, I got a bill from the hospital, and they were saying I owed so much and so much and so much. . . . [A]nd I said, well, my goodness, some of these insurances ain't paid a thing.
 "Q. How did you know which insurance policies had paid and which ones had not?
"A. They never sent me a receipt or nothing.
 "Q. So you didn't know which ones paid or had not paid; is that correct?
". . . .
 "A. No, I was not aware of how much they [were] going to pay, but I knew they [were] supposed to pay, and the manager wouldn't even talk to me. I asked him would they pay and he said it has paid all they [were] going to pay.
". . . .
 "Q. And you knew at that time that you had that conversation or that you had a firm conviction in your mind that Mutual Savings wasn't paying what it should pay under the policy?
 "A. That's true, that's the reason I dropped the rest of it.
 "Q. And it was your belief, at that time, that there were claims under the policies that should have been paid that were not paid?
"A. That's right."
At least twice more in her deposition, Howard repeated her statement that the *Page 381 
manager at the Mutual Savings office told her that the company had paid all it was going to pay. She also stated that she did not inquire further as to the exact nature of her coverage and that she thereafter allowed the policies to lapse, because, she said, she felt that Mutual Savings had not paid what it had promised to.
Mutual Savings thereafter moved for a summary judgment, alleging that Howard's claim was barred by the statute of limitations. Mutual Savings argued that the testimony cited above established that Howard had had actual knowledge of her fraud claim a few weeks after her husband's death. A fraud action is subject to the two-year statute of limitations of Ala. Code 1975, § 6-2-38(l), but the two-year period does not begin to run until the plaintiff has discovered, or should have discovered, the fraud. See §6-2-3; Green v. Wedowee Hospital, 584 So.2d 1309 (Ala. 1991).
Howard responded by saying that although she had been dissatisfied with the payment on the policies, she had had no actual knowledge of fraud until a lawyer made a careful examination after a chance discussion between her and the lawyer's wife. After a hearing on the motion, the trial court determined that Howard had had actual notice of the alleged fraud, as a matter of law, more than two years before she sued, and it entered a summary judgment in favor of Mutual Savings.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilson v. Brown,496 So.2d 756, 758 (Ala. 1986); Harrell v. Reynolds Metals Co.,495 So.2d 1381 (Ala. 1986). See also Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990).
Because this action was not pending on June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the nonmovant meet his burden by "substantial evidence." Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, SummaryJudgment Under the Federal Rules: Defining Genuine Issues ofMaterial Fact, 99 F.R.D. 465, 481 (1982).
In this case, we must consider whether, taking Howard's evidence in the most favorable light, she presented evidence on which reasonable persons could disagree as to when she had, or should have had, actual knowledge of the alleged fraud. The summary judgment rests on the trial court's conclusion that Howard's *Page 382 
suspicions that Mutual Savings had not paid properly on her claim requires the finding that she knew of the alleged fraud as a matter of law. Howard's suspicions prompted her to inquire at a Mutual Savings office, where, she testified, she was told that the company had paid all it was going to pay.
Howard testified that she felt that Mutual Savings had not done what its agent had stated it would do. She stated further that she allowed the policy to lapse, without further investigation. These facts certainly could support an inference that Howard believed that she had been defrauded. These facts also support an inference that she simply believed her insurance with Mutual Savings was inadequate and that she chose to find more satisfactory insurance. That is, Howard could have accepted the statement of a Mutual Savings agent as an indication that the insurer had paid all that the policy required it to pay. The record also indicates that Howard's insurance with Mutual Savings was through four complex and interrelated policies. Reasonable people could certainly disagree on whether an examination of these policies would allow a layman to discern the likelihood of fraud under these facts.
The issue of when a fraud is discovered, for the purpose of the running of the limitations period, has been specifically addressed, in the summary judgment context, in Hicks v.Globe Life Accident Ins. Co., 584 So.2d 458 (Ala. 1991):
 "This Court's adoption of the subjective standard of justifiable reliance did not change the objective standard used to determine when a party should have discovered fraud for the purpose of the statute of limitations. However, the mere fact that the standard is an objective one does not foreclose a jury determination of the issue. The law in Alabama has long been that '[t]he question of when a party discovered or should have discovered fraud which would toll the statute of limitations is for the jury.' Thompson v. National Health Ins. Co., 549 So.2d 12, 14
(Ala. 1989) (quoting Vandegrift v. Lagrone, 477 So.2d 292, 295 (Ala. 1985)); see Hickox v. Stover, 551 So.2d 259 (Ala. 1989); Deupree v. Butner, 522 So.2d 242
(Ala. 1988); Davis v. Brown, 513 So.2d 1001 (Ala. 1987); Myers v. Geneva Life Ins. Co., 495 So.2d 532 (Ala. 1986); Elrod v. Ford, 489 So.2d 534 (Ala. 1986); American Pioneer Life Ins. Co. v. Sandlin, 470 So.2d 657 (Ala. 1985); Thomaston v. Thomaston, 468 So.2d 116 (Ala. 1985); Osborn v. Johns, 468 So.2d 103 (Ala. 1985); Ratledge v. H W, Inc., 435 So.2d 7
(Ala. 1983); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981); Sims v. Lewis, 374 So.2d 298 (Ala. 1979); Cities Service Oil Co. v. Griffin, 357 So.2d 333
(Ala. 1978); Mitchell Homes, Inc. v. Tew, 294 Ala. 515, 319 So.2d 258 (1975); Loch Ridge Construction Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973); State Security Life Ins. Co. v. Henson, 288 Ala. 497, 262 So.2d 745
(1972); and Central of Georgia Ry. v. Ramsey, 275 Ala. 7, 151 So.2d 725 (1962). See, also, Independent Life Acc. Ins. Co. v. Parker, 470 So.2d 1289 (Ala.Civ.App. 1985); Wilson v. Draper, 406 So.2d 429
(Ala.Civ.App. 1981); Jackson Co. v. Faulkner, 55 Ala. App. 354, 315 So.2d 591 (1975).
 "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would put a reasonable person on notice of fraud. See, e.g., Sexton v. Liberty National Life Ins. Co., 405 So.2d 18 (Ala. 1981); Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979). In Seybold, the Court stated that '[i]t is sufficient to begin the running of the statute of limitations that [the] claimant knew of facts which would put a reasonable mind on notice of the possible existence of fraud.' 376 So.2d at 1087 (citing Jefferson County Truck Growers Ass'n v. Tanner, 341 So.2d 485, 488 (Ala. 1977) (plaintiff had actual knowledge of facts sufficient to provoke inquiry by a reasonable person). (Emphasis added [in Hicks].)"
584 So.2d at 463.
We consider the question of actual knowledge in light of the alleged representations *Page 383 
by Mutual Savings to Howard that it had paid all that was required. Given her suspicions as to the inadequacy of payment, her reliance on those representations would rebut the inference of actual knowledge. We hold that the subjective standard of justifiable reliance is part of a review of the reasonableness of Howard's behavior under these facts. The standard by which we consider her reliance is therefore as follows:
 "A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is 'one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.' "
Hickox v. Stover, 551 So.2d 259, 263 (Ala. 1989).
Reasonable people could disagree on whether Howard could justifiably rely on the representations by Mutual Savings. In light of the complexity and interrelation of the policies and the fact that she was speaking to the manager at the company office, Howard could have concluded that she had received all that she was entitled to under the policy terms. The evidence would support the inference that she learned of facts showing the possibility of fraud only after an attorney scrutinized the policies; if the factfinder accepts that inference, then the record indicates that she filed her claim within two years from the date she learned of those facts.
Had Howard made no showing that she had inquired as to her coverage and had received the company's response, the trial court's determination would have been correct. Given Howard's "suspicions" that she had been shortchanged, a reasonable person in her position would have had a basis to suspect fraud. Had she made no further inquiry, the limitations period would have begun to run. However, Howard has presented evidence that she made inquiry and was falsely informed. In effect, she has presented evidence that she was deceived as to her claim of fraud. The question whether she justifiably relied on the insurer's representations as to the policy coverage cannot be resolved as a matter of law. Under these facts and the law as it has developed since Hickox v. Stover, supra, that is a jury question.
Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.