On Application for Rehearing
The opinion of August 27, 1993, is withdrawn, and the following is substituted therefor.
Dock McGowan appeals from a summary judgment entered for Chrysler Corporation ("Chrysler") and its dealer, Heritage Chrysler-Plymouth-Dodge ("Heritage"). We affirm.
 "A summary judgment is proper when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party. In determining the existence or absence of a genuine issue of material fact, this Court is limited to a consideration of the factors that were before the trial court when it ruled on the summary judgment motion. However, this Court's reasoning is not limited to that applied by the trial court.
 "Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of material fact. Because this action was filed after June 11, 1987, the nonmovant must meet this burden by 'substantial evidence.' Under the substantial evidence test, the nonmovant must present 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Chatham v. CSX Transportation, Inc., 613 So.2d 341, 343
(Ala. 1993) (quoting West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989) (citations omitted)).
The evidence, viewed in a light most favorable to McGowan, suggests the following facts: McGowan bought a new 1987 Chrysler Fifth Avenue automobile from Heritage on October 26, 1987. The salesman at Heritage represented the car to McGowan as a top-of-the-line, smooth-riding luxury car. Advertisements by Chrysler made similar representations. Soon after he purchased the car, McGowan began to experience problems with the brakes, with engine stalling and hesitation, and with excessive vibration when travelling above 60 mph. He took the car back to Heritage for service, but was told the car could not be serviced until the next week. Heritage went out of business before it could service his car. McGowan took the car to other dealers twice; most repairs were done at McGowan's gasoline service station and at a nearby tire store. Within two years of his purchase, McGowan was aware of the problems with his car. McGowan did not know, until he was contacted by a lawyer in 1991, that Chrysler was aware of recurring problems, such as excessive vibration at high speeds, with its line of Fifth Avenue cars produced between 1982 and 1989, and that most of Chrysler's dealers were aware of these problems because Chrysler had supplied them with kits to fix the problems when the cars were brought in for service or repair under warranty.
McGowan sued Chrysler and Heritage on December 6, 1991, alleging fraudulent misrepresentation, suppression of material facts, breach of contract (claiming to be a third-party beneficiary of the dealer service contract between Chrysler and Heritage), and several other claims that he later dismissed. The trial court granted Chrysler's motion for a summary judgment against all of McGowan's remaining claims, holding that the fraud claims were barred by the statute of limitations and that the third-party beneficiary claim was "not tenable." C.R. 1084-85. McGowan appeals.
McGowan argues that the fraud was not in the faulty product, i.e., problems with the brakes, with engine hesitation, and with high-speed vibration, which he noticed soon after his purchase of the car. Rather, he contends that the fraud lay in the fact that the defendants knew in 1987, when he purchased his car, that the Fifth Avenue line of cars had recurring defects, but represented the car as a top-of-the-line, smooth-riding luxury car and sold it to him without disclosing any of *Page 845 
the problems that they knew existed with the Fifth Avenue car. Thus, he argues, he did not, and could not, discover the fraud until 1991, when he was made aware that Chrysler and its dealers had known of the problems with the car but had not revealed them to him.
Chrysler contends that the two-year statute of limitations barred McGowan's fraud claims because he knew of his car's problems within two years of the purchase, but did not sue until four years after the purchase. The trial court held that the statutory period of limitations had run on the fraud claims, because, it held, the fraud should have been discovered when McGowan became aware of problems with his car; the court entered a summary judgment for the defendants. The trial court also stated in its order that anything said by the dealer in selling the car was "puffing" and was not actionable as fraud.
"A fraud action is subject to the two-year statute of limitations of Ala. Code 1975, § 6-2-38(l), but the two-year period does not begin to run until the plaintiff has discovered, or should have discovered, the fraud. See § 6-2-3."Howard v. Mutual Sav. Life Ins. Co., 608 So.2d 379, 381
(Ala. 1992). We use an objective standard to determine when a party should have discovered fraud for the purpose of the statute of limitations. Hicks v. Globe Life Acc. Ins. Co.,584 So.2d 458, 463 (Ala. 1991). "Facts which provoke inquiry in the mind of a [person] of reasonable prudence, and which, when followed up, would have led to the discovery of the fraud, constitute sufficient evidence of the discovery." Willcutt v.Union Oil Co. of California, 432 So.2d 1217, 1219-20
(Ala. 1983). "The question of when a party discovered or should have discovered fraud which would toll the statute of limitations is for the jury." Vandegrift v. Lagrone,477 So.2d 292, 295 (Ala. 1985). However, there are times when this question is removed from the purview of the jury. "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud." Hicks, supra, 584 So.2d at 463 (emphasis original). Thus, it is the knowledge of such facts that would have alerted a reasonable person to the existence of a potential fraud, and not actual knowledge of the fraud itself, that determines whether the question of the tolling of the limitations period in a fraud case can be decided as a matter of law.
The record reveals that McGowan knew, more than two years before he filed his complaint, that his 1987 Fifth Avenue car did not perform like the smooth-riding luxury car he was told it would be. However, his fraud claims do not rely solely on his contention that the car he bought did not perform according to his expectations of how a luxury car should perform. Rather, McGowan argues that the fraudulent misrepresentation occurred when the dealer sold him a car after representing it to him as a luxury car, when, according to McGowan, at the time of the sale both the dealer and Chrysler were aware of the recurring and allegedly irreparable problems with the entire line of Chrysler Fifth Avenue automobiles. McGowan also argues that fraudulent suppression of a material fact occurred when both the dealer and Chrysler failed to inform him that they were aware of the recurring problems with the Fifth Avenue line of cars. Thus, for the statute of limitations to have run on his fraud claims as a matter of law, McGowan must have actually known of such facts as would have alerted a reasonable person to the possibility of any alleged fraud (i.e., that the defendants sold him the car at a time when they were aware of the recurring problems with the Fifth Avenue line of cars).
Although McGowan knew more than two years before he filed his complaint that his car had problems, we cannot agree with the trial court that knowledge of these problems would be sufficient to alert a reasonable person to the fraud complained of. The facts support a conclusion that McGowan's car had problems, but these problems are not sufficient as a matter of law to alert a reasonable person to the possibility that the entire line of Fifth Avenues had similar problems or that the defendants were aware of these problems. But for other reasons we discuss later, this question should have been put before the jury. Reasonable people could *Page 846 
disagree on whether any inquiry or investigation by a person of reasonable prudence armed with the knowledge that McGowan's car had problems, would have led to the discovery that the defendants knew of recurring problems with the Fifth Avenue line when McGowan bought his 1987 Fifth Avenue car. SeeWillcutt, supra, 432 So.2d at 1219-20. The evidence, when viewed favorably to McGowan under our standard of review, would support the inference that he learned of facts showing the possibility of the fraud complained of only after an attorney informed him in 1991 that Chrysler and most of its dealers had been aware of recurring problems with the Fifth Avenue line. If the factfinder accepted that inference, then, the record indicates, McGowan filed his claim within two years from the date he learned of those facts. Howard, supra, 608 So.2d at 383. Because it is unclear whether, before 1991, McGowan had sufficient facts to indicate that the defendants had been aware of the recurring problems with the Fifth Avenue line, the question of when McGowan should have discovered the fraud was a question of fact, not to be decided on a summary judgment motion. Thus, the trial court erred in determining, as a matter of law, that the statute of limitations had run on McGowan's fraud claims.
McGowan raised two claims of fraud: fraudulent representation and suppression of material facts.
 "The elements of an actionable fraudulent representation are 1) a false representation 2) concerning a material existing fact, which was 3) relied upon by plaintiff 4) to his detriment. § 6-5-101, Ala. Code 1975; International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala. 1977). The suppression of a material fact, in order to amount to fraud, must include 1) the suppression of a material fact 2) that the defendant was under a duty to communicate 3) either because of a confidential relation between the plaintiff and the defendant or because of the particular circumstances of the case. § 6-5-102, Ala. Code 1975; Chapman v. Rivers Construction Co., 284 Ala. 633, 227 So.2d 403 (1969).
 "In order to establish a cause of action under either of these two statutes, the plaintiff must produce evidence of a present intent on the part of the defendant to deceive the plaintiff either by the misrepresentation of an existing material fact or by the suppression or active concealment of an existing material fact. Further, the misrepresentation or suppression of the existing material fact must have led the plaintiff to act to his detriment in reasonable reliance thereon."
Crowder v. Memory Hill Gardens, Inc., 516 So.2d 602, 604-05
(Ala. 1987) (some citations omitted).[1]
McGowan contends that he relied on Chrysler's advertisements stating that the Fifth Avenue was a smooth-riding luxury car that was comparable to, but less expensive than, other luxury cars. When McGowan went to Heritage to buy a car, the salesman told him that the 1987 Fifth Avenue was a "top-of-the-line" car and a "smooth-riding" car. The trial court determined that the statements by Heritage were "puffing." We have held that "statements of opinion amounting to nothing more than 'puffery' or predictions as to events to occur in the future are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim." Fincher v. Robinson Bros. Lincoln-Mercury, Inc.,583 So.2d 256, 259 (Ala. 1991).
 " 'Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in itself conclusive, and in cases of doubt the question should be left to the jury.' "
Harrell v. Dodson, 398 So.2d 272, 274-75 (Ala. 1981), quotingFidelity Casualty Co. of New York v. J.D. Pittman TractorCo., *Page 847 244 Ala. 354, 358, 13 So.2d 669, 672 (1943) (citations omitted).
After considering the evidence in the light most favorable to McGowan, we conclude that a jury could not reasonably find that the statements complained of by McGowan in his fraudulent representation claim were representations of material fact. Additionally, we find no substantial evidence in the record of a present intent by the defendants to deceive McGowan at the time he bought the car. See Crowder, supra, at 605. Nor, if we assume for purposes of this appeal that a misrepresentation of a material fact did occur, do we find substantial evidence that McGowan was led to act to his detriment in justifiable reliance thereon. Hicks, supra, at 461-62. McGowan was a businessman who owned his own service station and employed a mechanic. He had taught driver's education. He had purchased and owned several cars before he bought the Fifth Avenue in 1987. He had driven the car over 80,000 miles before he sued Chrysler and Heritage. In light of these facts and the other circumstances of the case, we consider the representations made to McGowan by the defendants before he purchased the car to be "puffing" rather than fraudulent representations. The defendants' statements are not actionable as fraudulent misrepresentations unless McGowan relied on them, but the statements in this case were "puffing" and "puffing" cannot be relied on as a statement of material fact; therefore, McGowan, under the particular facts and circumstances of this case, can not rely on the statements as a basis for his fraud claims.
In reviewing the judgment of a trial court, this Court will not presume error and will affirm the trial court's judgment if it is supported by any valid legal ground. Turner v. Clutts,565 So.2d 92, 94 (Ala. 1990); Odom v. Blackburn, 559 So.2d 1080
(Ala. 1990). "[A] correct decision will not be disturbed even if the court gives the wrong reasons. Davison v. Lowery,526 So.2d 2 (Ala. 1988), cert. denied, 488 U.S. 854, 109 S.Ct. 140,102 L.Ed.2d 113 (1988)." Boykin v. Magnolia Bay, Inc.,570 So.2d 639, 640 (Ala. 1990). Because the trial court correctly entered the summary judgment based on its determination that there was no statement of material fact for McGowan to rely on in his fraudulent representation claim, even though its reasoning regarding the statute of limitations issue was incorrect, we affirm the summary judgment as to McGowan's fraud claims.
McGowan also alleged that Heritage and Chrysler both committed fraud by failing to disclose to him their knowledge of the problems experienced by the Fifth Avenue line of cars. Section 6-5-102, Ala. Code 1975, states:
 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."
A party must have knowledge of a fact in order to be liable for its suppression. Cornelius v. Austin, 542 So.2d 1220, 1224
(Ala. 1989). The obligation to communicate, or the duty to disclose, must be evaluated in light of the particular facts and circumstances of each case.
 "Mere silence is not fraudulent in the absence of a duty to disclose. A duty to disclose may arise from the particular circumstances of the case, from a confidential relationship, or from a request for information."
Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288, 1293
(Ala. 1993) (citations omitted). McGowan failed to present substantial evidence that Heritage had a duty to disclose to him the problems with the Fifth Avenue line of cars. McGowan produced no evidence of a confidential relationship or of any special circumstances between him and Heritage, nor did he present substantial evidence that Heritage knowingly, actively concealed a material fact with an intent to deceive. Even if there was substantial evidence that Heritage knew of the problems with the Fifth Avenue line, the record does not contain substantial evidence to support the inference that Heritage actively or knowingly concealed these problems with an intent to deceive McGowan. Likewise, even if there was substantial evidence that Chrysler knew of the problems with its Fifth Avenue cars, McGowan produced no evidence of a *Page 848 
confidential relationship or of any special circumstances between him and Chrysler, nor did he present substantial evidence that Chrysler knowingly or actively concealed from him its knowledge of the problems with the Fifth Avenue line.See id. at 1294. Therefore, we affirm the summary judgment against McGowan's claims alleging the suppression of a material fact.
McGowan also contends that he was a third-party beneficiary of the agreement between Chrysler and Heritage whereby Heritage, as a dealer, was obliged to repair, replace, or correct defective parts on cars that it sold. "[I]t has long been the rule in Alabama that one who seeks recovery as a third-party beneficiary of a contract must establish that the contract was intended for his direct, as opposed to his incidental, benefit." Mills v. Welk, 470 So.2d 1226, 1228
(Ala. 1985). "To recover under a third-party beneficiary theory, the complainant must show: 1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; and 3) that the contract was breached." Sheetz, Aiken Aiken, Inc. v. Spann,Hall, Ritchie, Inc., 512 So.2d 99, 101-02 (Ala. 1987). Taking the evidence in the light most favorable to McGowan, we do not find substantial evidence that McGowan was either a direct or an intended beneficiary, as opposed to an incidental beneficiary, of the contract, nor do we find substantial evidence that the contract was breached. The primary purpose of the contract was to promote Chrysler's reputation and that of its dealers, by ensuring that purchasers of Chrysler cars would receive warranty service and quality replacement parts for their cars at Chrysler dealerships. McGowan never received service on his 1987 Fifth Avenue at Heritage because that dealership went out of business soon after he bought the car. He brought the car to other dealerships on only two occasions, and he chose to have the majority of the repairs done to the car at local non-Chrysler garages or at his own service station. Under Alabama law, he had no valid third-party contract claim under the facts of this case, and we therefore affirm the summary judgment as to the contract claim.
Because we are affirming the summary judgment as to all of McGowan's claims that he had not dismissed, we need not address other issues raised on appeal, and we therefore deny Chrysler's motions to strike the plaintiff's references to certain items that Chrysler says would not have been admissible as evidence at trial. See Rule 56(e), Ala.R.Civ.P.[2]
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; MOTIONS DENIED; AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] We have replaced the objective standard of reasonable reliance in these fraud cases with a subjective standard of justifiable reliance. Harris v. M S Toyota, Inc., 575 So.2d 74, 77
(Ala. 1991); Hicks, supra, 584 So.2d at 461.
[2] Although McGowan strongly argues on appeal that an agency relationship existed between Chrysler and Heritage, we need not address this argument, because of our affirmance.