RICHARD L. HOLMES, Retired Appellate Judge.
In July 1992 Reuben Nelson filed a two-count complaint against First Alabama Bank (First Alabama), alleging statutory fraud and breach of a fiduciary duty.
On March 28,1994, Nelson filed an amended complaint, adding Standard Guaranty Insurance Company (Standard Guaranty) and First Alabama Bancshares, Inc., as party defendants. The amended complaint charged Standard Guaranty with suppression of material facts and breach of a fiduciary duty.
Both Standard Guaranty and First Alabama Bancshares, Inc., filed motions to dismiss, alleging that the claims were barred by the applicable statute of limitations. Standard Guaranty filed documents outside the pleadings in support of its motion to dismiss.
At the beginning of the hearing on the motions to dismiss, Nelson made a motion to dismiss First Alabama Bancshares, Inc., which was granted.
Thereafter, the hearing proceeded on Standard Guaranty’s motion to dismiss, and the trial court issued an order. In its order the trial court treated the motion to dismiss as a motion for summary judgment because documents outside the pleadings were filed in support of the motion and because both Standard Guaranty and Nelson stipulated that they were given adequate opportunity to file all necessary materials.
The trial court “concluded that [Nelson’s] claims against Standard Guaranty [were] barred by the statute of limitations under Ala.Code [1975], § 6-2-3,” and granted the motion in favor of Standard Guaranty. The order was certified as a final judgment for purposes of appeal, pursuant to Rule 54(b), Ala.R.Civ.P.
Nelson appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court correctly concluded that Nelson’s claims agamst Standard Guaranty were barred by the statute of limitations.
*804 Our review of the record reveals the following pertinent facts: In March 1989 Nelson cosigned a loan with his nephew, Mark Nelson, to finance the purchase of a 1989 Ford Ranger vehicle through First Alabama. The promissory note required that insurance be maintained on the vehicle during the life of the loan.
The promissory note also provided, (1) if there was a failure either to maintain such insurance on the vehicle or to provide proof of insurance coverage, First Alabama could purchase insurance to protect its interest in the vehicle and (2) the cost of such insurance would be added to the amount due and secured under the promissory note.
Mark Nelson failed to maintain the required insurance. Consequently, to protect its interest in the vehicle, First Alabama found it necessary to purchase from Standard Guaranty an insurance policy. The policy was for a term of 30 months, commencing December 26, 1989, through June 23, 1992. The premium for this coverage was $2,006, and this amount was added to the amount due under the promissory note.
Thereafter, Mark Nelson defaulted on the loan. In February 1991 Nelson took possession of the vehicle, brought the account current, and assumed the responsibility of making payments on the loan from that date forward.
Although Nelson was not notified that this insurance policy was purchased from Standard Guaranty and that the premium was added to the amount owed on the loan at the time such action occurred, Nelson had learned by September 1991 that First Alabama had purchased the insurance coverage from Standard Guaranty and had added the premium to the balance of the loan.
As noted above, Nelson filed suit solely against First Alabama in July 1992, which was within the two-year period after he discovered the alleged fraud. The original complaint contained no fictitious party defendants. In March 1994 Nelson amended his complaint to add Standard Guaranty as a party defendant.
Nelson argues the following in support of his position: Although he learned in Septem-
ber 1991 that a premium for a policy issued by Standard Guaranty was added to the First Alabama loan, he never saw the master policy of insurance which was issued by Standard Guaranty until it was produced on October 27,1993, by First Alabama in response to a request for production of documents. After he reviewed the master policy, he learned that he was being charged a premium based upon the “gross balance” of the First Alabama loan, which included charges for monies borrowed to finance credit life and credit disability insurance, when the premium should have been calculated on the “net balance” of the First Alabama loan.
Nelson contends that he did not learn that Standard Guaranty was guilty of suppression of material facts and of breaching its fiduciary duty until October 1993, when he received a copy of the master policy, and that when he filed the amended complaint on March 28, 1994, it was within the two-year period after he learned of the fraud on the part of Standard Guaranty.
Our supreme court has previously stated the following in McGowan v. Chrysler Corp., 631 So.2d 842, 845 (Ala.1993):
“[I]t is the knowledge of such facts that would have alerted a reasonable person to the existence of a potential fraud, not actual knowledge of the fraud itself, that determines whether the question of the tolling of the limitations period in a fraud case can be decided as a matter of law.”
(Emphasis in original.)
We would note that in the statement of facts in his original complaint, Nelson alleged the following:
“10. [Nelson] would state that he has recently learned ... within the last two years next preceding the filing of this complaint that [First Alabama] added collision coverage to the vehicle in question commencing on or about December 25, 1989. [Nelson] would state that [First Alabama] purchased a policy of insurance in someone’s name apparently through Standard Guaranty Insurance Agency without notice or knowledge to [Nelson] and added $2,006.00 in premium to the indebtedness *805 due on the promissory note [Nelson] cosigned. ...”
(Emphasis added.)
In the third paragraph of count one of his original complaint, Nelson alleged the following:
“[Nelson] would state that [First Alabama] willfully suppressed from him that if it added ‘force placed’ insurance on the loan in question ..., [First Alabama] would purchase a policy greater than the standard insurance policy term and require [Nelson] as a co-maker to pay not only an exorbitant premium for said insurance but also to pay interest on monies charged to the promissory note in question for insurance.... ”
(Emphasis added.)
In the second paragraph of count two of his original complaint, Nelson alleged the following, in pertinent part:
“[Nelson] would state that by virtue of the agency relationship which existed pursuant to the contract between the parties, [First Alabama] had a fiduciary obligation to purchase insurance in a commercially reasonable manner far a price comparable to that which could have been paid at any other agency.”
(Emphasis added.)
The trial court made the following pertinent statements in its order:
“[Nelson] carries the burden of proving that the two-year statute of limitations should be tolled and [Nelson] has failed to meet that burden. Lowe v. East End Memorial Hospital, 477 So.2d 339 (Ala.1985). [Nelson] clearly knew in September 1991 that [First Alabama] had obtained insurance on [Nelson’s] behalf, allegedly without [Nelson’s] prior knowledge or acquiescence. [Nelson’s] original complaint refers not only to Standard Guaranty as the entity through which the insurance was obtained, but references the allegedly exorbitant $2,006 premium charged for the insurance. The court concludes that [Nelson] knew of facts in September 1991 which would have put a reasonable person on notice of possible fraud committed by Standard Guaranty in providing ‘force placed’ insurance on [Nelson’s] automobile without his prior knowledge or acquiescence. [Nelson] could not reasonably wait until March 1994, two and one-half years after he discovered the alleged fraud perpetrated by Standard Guaranty, to file suit against Standard Guaranty alleging suppression of the terms of the policy and premium calculations.”
In light of the above, we find that the trial court correctly concluded that Nelson’s claims against Standard Guaranty were barred by the statute of limitations.
The trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs specially.