MONROE, Judge.
Frank Nolan and Donna Nolan, husband and wife, sued Vivian Melton (whose residence they had bought) and Fannie Beck Wilson Real Estate Inc. (the real estate sales agency through which Melton had sold her residence), alleging fraud by misrepresentation in relation to the Nolans’ purchase of the residence. The defendants denied the allegations and moved for a summary judgment. Melton sought an award of costs and an attorney fee, pursuant to the Alabama Litigation Accountability Act. The Nolans filed a response. The court held a hearing and thereafter entered a summary judgment in favor of Melton and Wilson Real Estate. The court denied Melton’s motion for an award of costs and for an attorney fee. The Nolans appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), AIa.Code 1975. Melton cross appeals.
A summary judgment is proper if there is no genuine issue of material fact and the *1098 movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The moving party-must present, in support of its motion, evidence that would be admissible at trial. Rule 56(e) Ala. R. Civ. P. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The relevant facts are as follows. Wilson Real Estate was Melton’s real estate agent in regard to Melton’s sale of a parcel of residential real estate. The Nolans purchased Melton’s home. During the course of negotiations, they had several conversations with an agent for the Wilson company. The Nolans allege that the defendants, Melton and the Wilson Company, represented to them that Melton had not experienced any problems with flooding while she lived in the home.
After the Nolans had purchased the home, it flooded. The Nolans claim that the home flooded in July 1995, soon after the closing and again in October 1995. In October 1995, the Nolans had their furniture and carpeting removed for drying. Neighbors then informed the Nolans that the home had flooded in the past and that Melton had had problems with flooding in the home. Since then, the home has flooded several times.
A claim of fraudulent misrepresentation is subject to a two-year statute of limitations. § 6-2-38(I), Ala.Code 1975. The alleged misrepresentation occurred in July 1995 or before. The Nolans filed this action on August 4, 1997. However, the Nolans argue that they did not discover the fraud until October 1995, when, they say, the home flooded for a second time and neighbors told them that the home had flooded in the past.
“The question of when a party discovered or should have discovered fraud which would toll the statute of limitations is for the jury.” McGowan v. Chrysler Corp., 631 So.2d 842, 845 (Ala.1993), quoting Vandegrift v. Lagrone, 477 So.2d 292, 295 (Ala.1985). However, the question may be decided as a matter of law in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud. McGowan, 631 at 845. “Thus, it is the knowledge of such facts that would have alerted a reasonable person to the existence of a potential fraud, and not actual knowledge of the fraud itself, that determines whether the question of the tolling of the limitations period in a fraud case can be decided as a matter of law.” Id.
In entering the summary judgment, the trial court held that the Nolans’ claim was barred by the statute of limitations. The court relied on Kelly v. Alexander, 554 So.2d 343 (Ala.1989), (overruled on other grounds). In Kelly, homeowners sued the homebuilder, alleging that the builder had committed fraud by telling the homeowners that the home would not flood. Id. Our Supreme Court held that the statutory limitations period began to run on the date the home first flooded. Id. In Kelly, when the first flood occurred the alleged fraud would have been apparent because the homebuilder was alleged to have represented that the home would not flood. Id. Here, however, the homeowner is alleging that the previous owner lied about whether she had experienced flooding in the home.
The Nolans admit that the home flooded, for the first time after their purchase, in July 1995. However, they argue that this flooding was not sufficient to put *1099 them on notice that Melton had had problems with flooding in the home. The No-lans claim that it was not until October 1995, when, they say, their neighbors told them about the previous floods that they were alerted to the possible fraud. We conclude ’ that the question of when the Nolans discovered or should have discovered the fraud, so as to begin the running of the limitations period, is for the jury to decide. As to the claims against Melton, the trial court erred in entering the summary judgment.
However, the trial court properly entered the summary judgment in favor of Wilson Real Estate. Although the court erred in holding that the statutory limitations period had run, it is well settled that this court will not presume error and will affirm the trial court’s judgment if it is supported by any valid legal ground. Vowell & Meelheim, P.C. v. Beddow, Erben & Bowen, P.A., 679 So.2d 637 (Ala.1996).
A real estate agent will not be liable for fraud for merely relaying information regarding the condition of a house without knowledge that the statements are false. Naramore v. Duckworth-Morris Realty Co., 669 So.2d 946, 949 (Ala.Civ.App.1995). The Nolans presented no evidence indicating that Wilson Real Estate knew the statements were false. Wilson Real Estate claims Melton told it that she did not have problems with flooding and that it just relayed that information to the Nolans. In his deposition, Frank Nolan stated that he had no evidence indicating that Wilson Real Estate knew Melton had experienced flood problems.
On her cross appeal, Melton complains of the court’s denial of her motion for an award of costs and an attorney fee pursuant to the Alabama Litigation Accountability Act, § 12-19-270, Ala.Code 1975. Under § 12-19-273, a trial court, before awarding costs or an attorney fee against a party, is required to determine that that party has presented an action, claim, or defense without substantial justification. See Pacific Enters. Oil Co. v. Howell Petroleum Corp., 614 So.2d 409, 417 (Ala.1993). We conclude that the trial court correctly denied Melton’s motion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.