MONROE, Judge.
In October 1995, Larry S. Smith and Jackie J. Smith purchased from Taylor Built Construction Company (“Taylor Built”) a house in the Stonebrook subdivision in Elmore County, Alabama. The purchase price of the house was $311,000, and Ballard Realty Company, Inc. (“Ballard Realty”), handled the transaction.
In approximately December 1995, the Smiths noticed an odor of sewage outside their house and, upon investigation, learned that there was a problem with the construction and/or installation of their septic system and that their property also had drainage problems. The Smiths were unsuccessful in having these problems resolved, and in October 1997 they filed a multicount complaint against Ballard Realty, alleging fraud and suppression of material facts, and against Taylor Built, alleging fraud, suppression of material facts, negligence, wantonness, breach of contract, and breach of express and implied warranties.
Taylor Built and Ballard Realty each answered and moved for a summary judgment. The Smiths filed a response in opposition to the summary-judgment motions. After conducting a hearing, the trial court entered a summary judgment on all claims except the negligence and wantonness claims asserted against Taylor Built. The trial court certified the summary judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P.
The Smiths appeal. This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975.
The evidence tends to show the following: The Stonebrook subdivision was owned and developed by Stonebrook Development LLC. Stonebrook Development *795 LLC has five members, including Mary Jane Sanford, Bill Sanford, and Ron Bell.
Bill Sanford and Ron Bell are partners in Sanford-Bell and Associates, a civil engineering design firm. Sanford-Bell did the engineering and design work for Sto-nebrook and also conducted the percolation tests for the subdivision. The houses in the Stonebrook subdivision used septic systems for on-site sewage disposal. Sanford-Bell designed the septic systems for many of the lots in the subdivision, including the lot where the Smiths’ house is located.
Mary Jane Sanford is a sales associate with Ballard Realty, which was the exclusive fisting agent for Stonebrook. She was the site agent for Stonebrook.
Taylor Built is a construction company owned by Taylor Hart. Taylor Built purchased Lot 2 of the Stonebrook subdivision from Stonebrook Development LLC and constructed a house on that lot, which was purchased by the Smiths. Hart testified in his deposition that Sanford-Bell designed the septic system and that he “subbed” out the installation of the system. However, Hart admitted that he was ultimately responsible for all the components that went into the construction of the Smiths’ house.
The Smiths contend that the trial court erred in entering a summary judgment in favor of Taylor Built and Ballard Realty on the fraud claims. In Ex parte Government Employees Ins. Co., 729 So.2d 299, 305 (Ala.1999), our supreme court stated:
“Regardless of whether an alleged representation was made willfully, recklessly, or mistakenly, our cases require, for a fraud action: (1) that the defendant made a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon that false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance.”
In their complaint, the Smiths alleged that before agreeing to purchase the house and lot, they had inquired of Taylor Built and Ballard Realty as to whether the lot had any percolation problems and that they were told that there were no problems. The Smiths contend that they relied upon this representation and did so to their detriment.
Mary Jane Sanford testified in her deposition that on the day the percolation tests on the Stonebrook lots were conducted, she asked her husband, Bill Sanford, how the tests had gone, and that he told her that they had gone fine — that everything “perked.” She stated that she does not know anything about percolation tests or what percolation rates are acceptable and that she was never even told the percolation rates for the lots in-Stonebrook. She also testified that the Smiths asked if the lots “perked” and she told them that the lots “perked” because that was what she had been told.
In its summary-judgment motion, Ballard Realty, relying upon Speigner v. Howard, 502 So.2d 367, 370-71 (Ala.1987), contended that it was entitled to a judgment as a matter of law because, it contended, it had been acting as a mere conduit and there was no evidence of bad faith on the part of Ballard Realty. Ballard Realty contended that it was acting as a conduit because, it said, it was merely relaying to the Smiths information that had been obtained from Bill Sanford, whose engineering firm had conducted the percolation tests. Ballard Realty further contended that there was no evidence that it was aware of percolation problems with the property and that without such knowledge, it could not be liable for suppressing this *796 fact. See McGowan v. Chrysler Corp., 631 So.2d 842 (Ala.1993).
In his deposition, Larry Smith was asked if he had any reason to think that when Mary Jane Sanford told him there were no percolation problems, she did not honestly believe what she told him. Smith replied that he believed that she knew about the percolation problems because, he said, she was married to Bill Sanford and was responsible for marketing the subdivision. However, “mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party’s burden to offer facts to defeat the motion.” Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996).
As this court stated in Nolan v. Melton, 740 So.2d 1096, 1099 (Ala.Civ.App. 1999), “A real estate agent will not be hable for fraud for merely relaying information regarding the condition of a house without knowledge that the statements are false.” In the present case, the Smiths offered no evidence to dispute Mary Jane Sanford’s statement that she did not know about any percolation problems. Thus, the trial court properly entered a summary judgment in favor of Ballard Realty on the fraud and suppression claims because the evidence clearly established that Ballard Realty was acting as merely a conduit to relay information to the Smiths and had no knowledge of any percolation problems. This portion of the judgment is due to be affirmed.
When the Smiths met with Taylor Built about purchasing the house on Lot 2, construction of the house had already begun. Larry Smith testified that during the initial meeting with Taylor Hart and Matt Maier of Taylor Built, he and Maier walked along the property line and during that walk he asked Maier if Lot 2 had any percolation problems. Maier told him that the lot did not have any percolation problems; in fact, the lot had a slow percolation rate, and the septic system had to be designed with this in mind. In its brief, Taylor Built contends that it did not misrepresent any facts because, it says, the septic system was designed to adequately provide wastewater treatment. However, the Smiths’ question was whether the lot had percolation problems, not whether a septic system could be designed to handle on-site disposal in light of the percolation problems.
The Smiths previously had eliminated from their consideration another subdivision in the area when they learned that the lots there had percolation problems. The Smiths ultimately decided to purchase the house located on Lot 2 of the Stonebrook subdivision after they were told that it did not have percolation problems. Given the elements of fraud, as set out in Ex parte Government Employees Ins. Co., 729 So.2d at 305, we must conclude that the trial court erred when it entered a summary judgment in favor of Taylor Built on the fraud claims.
We conclude that the trial court should not have entered a summary judgment in favor of Taylor Built on the claims alleging breach of contract and breach of express and implied warranties, including the implied warranty of habitability. The evidence shows that although the septic system was designed to adequately handle the disposal of sewage from the Smiths’ house, it failed to properly treat and dispose of the sewage from the Smiths’ home because it was improperly installed. Specifically, there was improper grading and insufficient swales and berms (all to divert surface water from flowing over the absorption field), and there was a lack of appropriate sodding or ground cover on *797 the absorption field. The improper installation of the septic system allowed raw sewage to run on the ground and drain downhill toward the neighbor’s yard. The smell of sewage has curtailed the Smiths’ ability to enjoy outside activities at their $311,000 home and has caused them the embarrassment of having to apologize to neighbors for the smell. As previously noted, Taylor Hart admitted that he was ultimately responsible for all components that went into the construction of the Smiths’ house.
Thus, as to the claims against Taylor Built, the summary judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.