4 So.2d 418

### FULLER v. QUALLS.

#### 4 Div. 175.

Supreme Court of Alabama.

Oct. 30, 1941.

Powell & Fuller, of Andalusia, for appellant.

Carmichael, Crenshaw & Simmons, of Opp, for appellee.

BROWN, Justice.

This appeal is from a decree of the Probate Court of Covington County, admitting to probate and record the last will and testament of William M. Coon, deceased, who died on December 2, 1932. The petition for the probate of the will was filed by the appellee, Cynthia Qualls, named in the will as the sole devisee of the estate in remainder, after the falling in of the life estate devised to Celia Ann Coon, the wife of the testator, and a sister of the said Cynthia Qualls.

The proceeding for the probate of the will was contested on the sole ground "That more than five years have elapsed between the death of the testator and the time of the filing of the will, together with the petition to probate," &c.

The proponent's replication to this plea of the statute of limitations avers that the said Celia Ann Coon was named in said will as the executrix of the same, that she had full possession thereof, and fraudulently concealed its existence from the proponent, who had no knowledge thereof and her rights thereunder, until the death of said Celia Ann Coon, which occurred within less than a year from the filing of the petition.

On the issues joined, evidence was given ore tenus, and we find in the record evidence which, if believed, sustains the averments of the replication and the conclusion of the trial court that the proponent had no knowledge of the existence of the will, and although the said Celia Ann Coon was advised to have the will probated, she failed to do so and concealed its existence from the proponent.

While the statute, Code of 1923, § 10608, Code of 1940, Tit. 61, § 34, is so worded as to operate against wills as well as proceedings to probate the same, it is nevertheless a statute of limitations, intended to cut off the remedy. Wills not probated are inefficacious to pass title or confer rights. This is clearly recognized and declared in Gilbert v. Partain, 222 Ala. 459, 133 So. 2. There it was observed:

"We note that the statute contains no saving clause in favor of persons under disability or where the will has been lost or destroyed; but no question arising out of such disability, loss, or destruction is presented by this record, and of course what is here said is not·intended to prejudice any such question."

It was not the legislative intent in the adoption of this statute to place it within the power of a legatee under a will, who obtained possession thereof, to deprive other legatees of their rights by fraudulently concealing the existence of the will.

Section 8966, Code of 1923, Tit. 7, § 42, Code of 1940, is in pari materia, with § 10608, Code of 1923, Tit. 61, § 34, Code of 1940, and must be construed as tolling the running of the statute, where the party invoking the remedy alleges and proves fraud as the basis of the right to proceed.

As before stated, the only defense urged to the proceeding was the statute of limitations. The due execution of the will was proved by both of the subscribing witnesses. Goldsmith v. Gates et al., 205 Ala. 632, 88 So. 861.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.