This is an appeal from a judgment rendered on a jury verdict in a will contest. The proponent, Randy Lagrone, filed a petition to probate his grandfather's will nine years after the testator's death. Randy's petition alleges that the time for filing the petition was tolled by his father's fraudulent *Page 293 
concealment of the will's existence. Another of the testator's grandchildren, Jacqueline Lagrone Vandegrift, filed a contest of the will on the grounds that the petition to probate the will was not filed timely and that the will was the product of undue influence. The jury found in the proponent's favor and the contestant appeals on the grounds that the statute of limitations barred the filing of the petition to probate the will. We affirm.
The testator, A.W. Lagrone, had two sons, Howard and Wilbur. The contestant, Jacqueline, is Howard's daughter and the proponent, Randy, is Wilbur's son. A.W. owned 123 acres of wooded land containing a cabin in Lamar County. As a child and as a young adult Randy spent a considerable amount of time with his grandfather hunting and fishing on the property. Jacqueline's parents divorced when she was very young and she had little contact with A.W., Wilbur, or Wilbur's family while she was growing up.
In 1972 A.W.'s wife died and he moved into Wilbur's home to live with Wilbur and his wife, Annie. A.W. lived with Wilbur and Annie until his death on May 28, 1974. Following A.W.'s death, Wilbur paid the ad valorem taxes and maintenance expenses on the property. Wilbur died intestate on December 1, 1976. Howard decided to attempt to sell the property and asked Randy's mother, Annie, for a copy of A.W.'s deed to the parcel. Annie gave a copy of the deed to Randy, who delivered it to Howard. Howard found a buyer for the property, but for reasons undisclosed in the record Annie refused to sell. Shortly before his death in April of 1983 Howard conveyed to Jacqueline all of his interest in the property.
After her father's death Jacqueline retained an attorney to investigate the status of the real estate. On June 14, 1983, the attorney wrote Randy a letter stating that a search of the probate court's records revealed that there had been no administration of A.W.'s estate. Randy claims that until he received the letter from Jacqueline's attorney he had been under the impression that A.W.'s will had been probated and that the property had been left to Howard and Wilbur. Following receipt of the letter, Randy's mother, Annie, instituted a thorough search of her late husband's personal effects and found two wills, one dated 1956 and the other dated 1964.
Both Randy and his mother testified that they were unaware of either will's existence until Annie found them in June of 1983. The 1964 will devised the property to A.W.'s wife for her life and left the remainder in fee to Randy. Randy offered the 1964 will for probate on July 19, 1983. The 1956 will was deposited in the probate court but never offered for probate.
There was no evidence of undue influence. Before his mother found the will Randy was apparently unaware that he was its primary beneficiary. The attesting witness was personally acquainted with the testator. She testified that on the day the will was executed A.W. came unaccompanied to her office and that he did not appear to be acting under the influence of any third parties. The only real issue in the case is whether the petition was barred by the applicable statute of limitations.
As a general rule, wills which are not filed for probate within five years after the testator's death are ineffective. Section 43-8-161, Code of Alabama (1975). If, however, the proponent's failure to file a timely petition to probate the will is occasioned by fraud, the filing of the petition within one year from the time the petitioner discovered, or by reasonable diligence should have discovered, the fraud is effective as a timely filing. Section 6-2-3, Code of Alabama (1975); Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941).Fuller is the only Alabama case concerning the tolling of the time for filing a petition to probate a will. In that case the testator left a life estate to his wife and the remainder to his wife's sister. After the testator's death, the will was in the wife's possession and she concealed its existence from her sister, the proponent. After her sister's death, the proponent discovered the existence of the will and offered it for probate. The *Page 294 
petition was filed within a year after the sister's death but more than five years after the testator's death. This Court ruled that the statute was tolled by the wife's concealment of the will.
The contestant attempts to distinguish Fuller from this case on two grounds. First, she argues that in Fuller the wife knowingly concealed the will's existence, whereas in this case the proponent failed to prove that Wilbur had knowledge of the existence of the will. Fraudulent concealment implies knowledge of the facts concealed. Hudson v. Moore, 239 Ala. 130, 139,194 So. 147 (1940). Second, she argues that the interest of the contestants in Fuller should be limited to situations where the fraud is committed by the contestant or someone through whom the contestant claims.
We disagree with the contestant's conclusion that there was no evidence from which the jury could have found that Randy's father knew about the will. Wilbur's widow, Annie, testified that she found the will during a "thorough search of her late husband's personal belongings and effects." Since the will was found among Wilbur's personal effects, the inference that he had knowledge of its existence was reasonable. In a situation such as this, circumstantial evidence is all that is usually available to make such a determination. Both parties were free to question Annie about the circumstances surrounding her discovery of the will, such as where it was found and what sort of other items were located near it, in order to attempt to determine whether Wilbur knew of its existence.
Nor do we read Fuller as applying only to those claiming through a wrongdoer. It is impossible to determine from a reading of the facts in Fuller whether the contestants claimed through the wife who had concealed the will. They may have been collateral heirs of the testator who were unrelated to the wife. In any event, it is not unreasonable to assume that if a relationship of the contestants to the wrongdoer in Fuller had been essential to the holding in that case the Court would have at least set out in its opinion the facts indicating the contestant's relationship to the wrongdoer. The opinion states that the statute is tolled "where the party invoking the remedy alleges and proves fraud as the basis of the right to proceed."241 Ala. at 675, 4 So.2d at 419. There is nothing in either the facts or the rationale of the opinion indicating that its applicability is limited to cases where the contestant claims through a wrongdoer.
The question of distinguishing Fuller notwithstanding, the contestant urges us to refuse to follow that holding in this case. She categorizes Fuller as an "aberration" and points out that in Moses v. St. Paul, 67 Ala. 168 (1880), a contract action by the assignee of a bankrupt to enforce a debt owed to the bankrupt, this Court refused to allow the statute of limitations to be tolled on the basis of a fraudulent concealment by the bankrupt creditor. She also argues that under the new probate code, which she concedes is inapplicable, acts of third parties cannot toll the statute. See § 43-8-5, Code of Alabama.
It is unnecessary, in light of the Fuller decision, to determine whether fraud by third parties generally can be relied on to toll the running of the statute of limitations or whether a different result would obtain under the new probate code. We are unwilling to limit the applicability of Fuller in the manner suggested by the contestant. If the existence of the will is fraudulently concealed from the proponent, he is effectively precluded from filing a petition for probate, whether it is the contestant or some third party who is guilty of concealing the will's existence. The proponent should not be deprived of the opportunity to establish his right to the property by the fraudulent concealment of the will by an heir at law of the deceased who, by concealing the existence of the will, seeks to obtain property rights to which he is not entitled.
The contestant also argues that, even assuming the applicability of the tolling statute to this case, the petition was barred because the proponent should have *Page 295 
discovered the will more than a year prior to filing the petition. A claim for fraud accrues at the time of the discovery of facts which would have led a person of ordinary prudence to a discovery of the fraud. Retail, Wholesale, etc.Union v. McGriff, 398 So.2d 249, 251 (Ala. 1981); Papastefan v.B L Construction Co., 385 So.2d 966, 967 (Ala. 1980). The contestant argues that if Randy had searched his father's personal effects after his father's death or if he had searched for the will when Howard asked for a copy of it he could have located the will several years before it was found.
After his father's death Randy apparently relied on his mother to search his father's effects. Also, the request from Howard for the will was directed toward Randy's mother, not toward him. The question of when a party discovered or should have discovered fraud which would toll the statute of limitations is for the jury. Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784, 786-87 (Ala. 1981); Sims v. Lewis,374 So.2d 298, 304 (Ala. 1979). There are facts from which the jury could have concluded that Randy acted reasonably with regard to the time of his discovery of the will. We are not prepared to rule as a matter of law that under these facts the proponent ought to have discovered the will's existence earlier.
AFFIRMED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.