JONES, Justice.
Peggy Burch appeals from the denial of her post-judgment alternative motion for judgment notwithstanding the verdict or for new trial in this consolidated will contest and fraud action. We affirm.
In February 1982, appellee Robert J. Burgess filed a complaint alleging that Burch had committed fraud and conversion in submitting for probate the will of Burgess’s mother, Sina Burgess, in 1976. In March 1983, Burgess filed a contest challenging the validity and the probate of the will of his aunt, Marguerite Buzbee (Sina’s sister), which will had also been submitted for probate by Burch. Burgess’s contest complaint alleged that Marguerite Buzbee’s will had been improperly executed, that Buzbee was incompetent at the time of executing her will, and that her will had been fraudulently procured by undue influence on the part of Burch. Burch, who is not related to either Sina Burgess or Marguerite Buzbee, was the sole beneficiary and the executrix of each will.
The trial court consolidated the two actions for trial by issuing the following “order”:
“These cases are consolidated for trial and at such trial the issue shall be the validity of the wills of Marguerite Buz-bee and Sina Burgess. The burden of *922 proof in such case shall be on the opponent of such wills.”
Burch’s motion to set aside this order was denied. The trial court instructed the jury on the law regarding the validity of each will and, after retiring, the jury requested a reinstruction on the definition of “undue influence.” The trial court complied with this request. Burgess requested that the court also reinstruct on the law of confidential relationship, and the court did so, over the objection of Burch. The jury returned verdicts finding against the validity of both wills.
After receiving these two verdicts, the trial court submitted to the jury the issue of fraud in the case involving the will of Sina Burgess. The jury returned a verdict in favor of Burgess and awarded damages of $140,000. The trial court entered judgments accepting all three verdicts and denied Burch’s post-judgment motion for j.n. o.v. or new trial. Burch appeals.
Burch contends that the consolidation of the cases and the admission of evidence as to both wills resulted in unfair prejudice to her in the eyes of the jury. The record reflects, however, both that Burch agreed to the consolidation and that she failed to present any evidence of an abuse of discretion by the trial court in ordering the consolidation and allowing the introduction of evidence as to both wills. Therefore, Burch is now precluded from alleging error as to this issue. See Drs. Lane, Bryant, Eubanks & Dulaney v. Otts, 412 So.2d 254 (Ala.1982); Callahan v. Weiland, 291 Ala. 183, 279 So.2d 451 (1973).
Burch also claims error in the trial court's oral charge to the jury. Specifically, Burch argues that the court’s rein-structing the jury on the law regarding undue influence and confidential relationship went outside the pleadings and evidence and placed improper emphasis on the aspect of fraud. We disagree.
Our review of the resubmitted instructions, in the context of the entire jury charge, reveals no error. The requested instructions were accurate statements of law and were based upon charges set out in Alabama Pattern Jury Instructions: Civil (1974). The trial court acted within its authority in reinstructing the jury, and we find no error in its charges. See American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739 (1972).
The main thrust of Burch’s argument on appeal centers on the alleged impropriety of Burgess’s fraud claim against Burch with regard to the probate of his mother’s will. First, argues Burch, in allowing Burgess’s fraud claim, the trial court permitted Burgess both to circumvent the statutory requirements of Ala. Code 1975, § 43-8-199, and to ignore the sanctity of the 1976 probate decree with regard to that will. The language of § 43-8-199[1] prohibits Burgess’s contest of his mother’s will; therefore, Burch argues, Burgess filed a fraud action which, in effect, amounted to a contest of his mother’s will in that the jury was allowed to consider and reject the validity of Sina Burgess’s will.
The record on appeal, however, does not support Burch’s argument. Burgess admits receiving notice of Burch’s filing of the petition for probate of Sina Burgess’s will and inquiring about the assets of his mother’s estate. Burgess also testified, however, that both Burch — the sole beneficiary and the executrix of his mother’s will — and her husband told him that Sina Burgess died without assets and that Burch need not go to the probate court, thus inducing Burgess to forgo a timely contest of his mother’s will. Therefore, Burgess says, after learning of the alleged fraud, in September 1981, he filed a fraud claim in February 1982, within one year of discovering that his mother’s estate did have assets and that the conduct of Burch prevented his knowledge of those assets.
*923 We find the case of Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941), to be a helpful analogy. In Fuller, the existence of the testator’s will was fraudulently concealed from the proponent. The proponent discovered the will and offered it for probate more than five years after the death of the testator. This Court held that the statute of limitations for filing the petition to probate the testator’s will was tolled by the fraudulent concealment of the will, and that the proponent’s filing of the petition for probate of the will within one year of her discovery of the fraud was effective as a timely filing. See Ala. Code 1975, § 6-2-3.
Here, Burgess alleged that Burch’s fraudulent misrepresentation that his mother’s estate was without assets prevented him from contesting the probate of his mother’s will. Burgess’s filing of his fraud claim against Burch within one year after discovering Burch’s concealment of the value of his mother’s estate was a timely filing. Further, in light of the evidence before it, the jury could have inferred that Burgess reasonably relied upon the misrepresentations of Burch; thus, the jury could have found, as a fact, that Burgess was caused to forgo the filing of a contest of his mother’s will.
Notwithstanding some confusion in the language of the judgments entered by the trial court after the “contest” phase of the trial, we find it sufficiently clear from the judgments, especially when they are read in the context of the trial court’s charge to the jury regarding the fraud phase of the trial, that the probate of Sina Burgess’s will, under which Burch took all of the assets of that estate, is left undisturbed. That is to say, the instant fraud litigation with respect to the will of Sina Burgess, and the judgment entered thereon, does not have the effect of setting aside the probate of that will and the passing of the assets of Sina Burgess’s estate to Burch.
Finally, Burch argues that the trial court’s refusal to grant her motion for j.n.o.v. or, at the least, his motion for remit-titur, was error. First, says Burch, there was no evidence of pecuniary loss to Burgess except for the loss of what he would have inherited through his mother’s will — a will that should not be disturbed and, therefore, should not yield a measurable “loss” to Burgess. Alternatively, argues Burch, if the verdict is allowed to stand, it must be reduced to an amount the computation of which is supported by the evidence.
Because we find that the trial court did not err in allowing the jury to consider the validity of Sina Burgess’s will under Burgess’s claim of fraud, we find no error in the jury’s considering the value of Burgess’s mother’s estate in computing a damages award.
As to Burch’s argument for remit-titur, we note that Burch made no objection to the suggested method of computing damages and, therefore, can not now claim error in the jury’s following that method, particularly in light of the overwhelming evidence in support of Burgess’s claim for actual damages. Where, as here, the trial judge has reviewed and overruled the defendant’s request for remittitur as a condition for the denial of a new trial, and where the amount of the verdict does not appear on its face to be the product of a biased or prejudiced jury, we find no necessity to follow the remand procedure set out in Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986).
In light of the foregoing, we hold that the judgments entered in favor of Burgess are due to be, and they are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.

. "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.” (Emphasis supplied.)