ADAMS, Justice.
This case involves the will of Forrest Stinnett, Sr. The appellant contends that the circuit court erred in ruling that the five-year statute of limitations for probating the will was tolled. We disagree, and we affirm the ruling of the circuit court.
The appellee, Charles Stinnett, offered his father’s will for probate in November 1986, approximately 13 years after Forrest Stinnett, Sr.’s death in 1973. Testifying before the judge ore tenus, Charles Stin-nett claimed that he did not know about the will until November 5, 1986, one day prior to the death of his mother, Pauline Roberts Stinnett. Charles stated that on November 5, his mother informed him of the existence of the will, in the presence of his daughter, Shawn Stinnett Schrimsher. His account of the incident was confirmed by his daughter. Charles’s wife, Gladys Norwood Stin-nett, further confirmed Charles’s testimony that he took the will to his attorney for probate on that same date.
The testimony of one of the appellants, Paul Stinnett, revealed that he knew about the existence of the will in 1976, and, although Paul contended that Charles also knew of its existence, that fact was in dispute.
We have held that the statute of limitations is tolled where it is shown by the proponent of the will that the will was fraudulently concealed. Vandergrift v. Lagrone, 477 So.2d 292 (Ala.1985):
“As a general rule, wills which are not filed for probate within five years after the testator’s death are ineffective. Section 43-8-161, Code of Alabama (1975). If however, the proponent’s failure to file a timely petition to probate the will is occasioned by fraud, the filing of the petition within one year from the time the petitioner discovered, or by reasonable diligence should have discovered, the fraud is effective as a timely filing. Section 6-2-3, Code of Alabama (1975); Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941). Fuller is the only Alabama case concerning the tolling of the time for filing a petition to probate a will. In that case the testator left a life estate to his wife and the remainder to his wife’s sister. After the testator’s death, the will was in the wife’s possession and she concealed its existence from her sister, the proponent. After [the wife’s death, her sister] discovered the existence of the will and offered it for probate. The petition was filed within a year after the [wife’s] death but more than five years after the testator’s death. This Court ruled that the statute was tolled by the wife’s concealment of the will.” (Emphasis added.)
477 So.2d at 293-94. The facts in the case sub judice are not unlike those facts in Vandergrift. In this case, there was evidence that Charles had no knowledge of the will until November 1986. His mother, however, evidently had learned of the will’s existence some time prior thereto and had concealed that knowledge from him. Furthermore, there was evidence that Paul Stinnett knew of the existence of the will as early as 1976, and yet he remained silent about it.
“If the existence of the will is fraudulently concealed from the proponent, he is effectively precluded from filing a petition for probate, whether it is the contestant or some third party who is guilty of concealing the will’s existence. The proponent should not be deprived of the *1335 opportunity to establish his right to the property by the fraudulent concealment of the will by an heir at law of the deceased who, by concealing the existence of the will, seeks to obtain property rights to which he is not entitled.”
Id. at 294.
The evidence was presented ore tenus and the findings of the court will not be disturbed unless palpably wrong. Edwards v. Strong, 465 So.2d 368, 371 (Ala.1985). We cannot say that the judge’s determination of fraudulent concealment in this case was palpably wrong. Therefore, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.