YATES, Judge.
On February 6, 1997, Franklin D. Little-john and Essie D. Littlejohn sued The Prudential Insurance Company of Amer *346 ica; and Pruco Life Insurance Company and its agents Jimmy Blue, Clarence Edwards, and Thomas Delligatti, alleging fraud, deceit, and misrepresentation in the sale and servicing of life insurance policies. Each of the defendants moved for a summary judgment; the trial court, after hearing oral testimony, entered a summary judgment in favor of all five defendants. The Littlejohns appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment is to be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Hinkle v. Burgreen Contracting Co., 678 So.2d 797 (Ala.Civ.App.1996); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
In 1986, the Littlejohns purchased two “variable appreciable life” (“VAL”) insurance policies irom Prudential. The Little-johns understood from their agent that the premiums would be paid through the cash value in their existing life insurance policies, along with accumulated dividends and a small increase in their monthly premium. The Littlejohns subsequently received several blank forms, which they signed and returned to Prudential, and by which they unknowingly authorized several loans against their old policies to pay for premiums incurred on their new VAL policies. Mr. Littlejohn stated that his first knowledge of a loan transaction came when he received a statement from Prudential in the Spring of 1990. Mr. Littlejohn wrote letters in May, September, and December 1990, to both Prudential and the Alabama Department of Insurance, complaining that he and his wife had not been adequately informed by their Prudential agent that they were authorizing any kind of loan transaction; that they had been unaware they were signing loan-disbursement-request forms in 1986 and 1990; and that, because of the misrepresentations made, they wanted the policies “reinstated to their original forms.” It appears that two Prudential agents met with the Little-johns in 1990 or 1991 to review the status of the VAL policies and reasserted that the Littlejohns had authorized the loan transaction and that the current policies “provided good insurance coverage.” The Littlejohns also received a response letter dated January 30, 1991, from the Alabama Department of Insurance indicating that, after reviewing the information submitted by Prudential, the Department concluded there was no evidence “that Prudential had violated Alabama insurance law.” It appears from the record that the Little-johns did not pursue legal action and that they continued their policies with Prudential; however, after receiving information regarding a class-action lawsuit against Prudential in 1996, the Littlejohns sought legal advice and filed this resulting lawsuit in February 1997.
The court entered a summary judgment based on the defendants’ argument that the fraud and conversion claims were time-barred by the two-year and six-year statutes of limitations, respectively. On appeal, the Littlejohns argue that the run *347 ning of the statutory limitations period was tolled because, they say, they had relied on the statements made by Prudential and the Alabama Department of Insurance.
The elements that must be met in this fraud claim are: (1) that a party misrepresented a material fact; (2) that the misrepresentation was made willfully to deceive or was made recklessly without knowledge; (3) that the plaintiff justifiably relied upon the misrepresentation, under the circumstances [1]; and (4) that the plaintiff was damaged as a proximate result of the reliance. Sanford v. House of Discount Tires, 692 So.2d 840 (Ala.Civ.App.1997). In addition, the plaintiff must file an action for relief within two years from the time the fraud is discovered; otherwise, the claim will be time-barred. § 6-2-3, Ala. Code 1975. Our supreme court addressed the “justifiable reliance” standard applicable to fraud claims, in Hickox v. Stover, 551 So.2d 259 (Ala.1989):
“In light of modern society’s recognition of a standard of business ethics that demands that factual statements be made carefully and honestly,
“ ‘[rjeliance should be assessed by the following standard: A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant’s representation if that representation is “one so patently and obviously false that he must have closed his eyes to avoid the discovery of truth.’””
Id. at 263, quoting Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1091-92 (Ala.1989)(Hornsby, C.J., concurring spe-
cially). In Hickox, the court held that a summary judgment was improperly entered for a defendant insurance company and that the issue regarding the statute of limitations — when an insured should have discovered the alleged fraud — should have been presented to a jury.
We conclude, based on our review of the record, that, after receiving the 1990 statement, the Littlejohns acted in a diligent manner to determine if Prudential had made misrepresentations to them. The Littlejohns wrote at least three letters in 1990 to Prudential and to the Alabama Department of Insurance, and, as well, they met with two representatives from Prudential to express their concerns. Once the Littlejohns received the January 30, 1991, response from the Alabama Department of Insurance stating that Prudential had not violated any insurance laws, they may have concluded that there was no further recourse available. Our courts have consistently held that a question of when a party should have discovered fraud, for the purpose of tolling the running of the limitations period, is a question for the jury. See Barlow v. Liberty National Life Insurance Co. 708 So.2d 168 (Ala.Civ.App.1997); and Vandegrift v. La-grone, 477 So.2d 292 (Ala.1985). A similar issue regarding the tolling of the limitations period and justifiable reliance was addressed by our supreme court in Howard v. Mutual Savings Life Ins. Co., 608 So.2d 379 (Ala.1992). There, the supreme court reversed the trial court’s summary judgment in favor of the insurance company, holding that the evidence created a genuine issue of material fact as to whether the plaintiff had justifiably relied upon the insurer’s representations in concluding *348 that she had received all benefits she was entitled to under her policy and that she had no further recourse against the insurer. Id. at 382, 383. Likewise, we conclude that the question whether the Littlejohns justifiably relied upon the representations made by Prudential and the Alabama Department of Insurance to toll the running of the limitations period is to be determined by a jury. Therefore, we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.

. We note that in Foremost Ins. Co. v. Par-ham, 693 So.2d 409 (Ala. 1997), our supreme court discarded the "justifiable reliance” standard and returned to a "reasonable reli-anee” standard. However, the new standard applies to all fraud cases filed after March 14, 1997, and, thus, does not apply to the present case, which was filed February 6, 1997.