Franklin D. Littlejohn and Essie D. Littlejohn purchased two "variable appreciable life" (VAL) policies from The Prudential Insurance Company of America in March 1986. The Littlejohns allege that they understood from the Prudential agent who sold them the policies that the premiums for these two new policies would be paid from the cash value in their existing life insurance policies, along with accumulated dividends and a small increase in their monthly premiums. The Littlejohns claim that Charles Edwards, the Prudential agent sold them their VAL policies, sent them blank forms, with a note stating that the forms would allow Prudential to use the Littlejohns' other policies to pay for the VAL policies. The Littlejohns signed and returned the blank forms to Prudential. The forms in fact authorized Prudential to make loans against the Littlejohns' old policies to pay for premiums incurred on their new VAL policies. In April 1986 and March 1990, Prudential took loans against several of the Littlejohns' existing life insurance policies and used the loan proceeds to help fund the VAL policies. Mr. Littlejohn first became aware of the loans in the spring of 1990.
Mr. Littlejohn wrote letters in May, September, and December 1990 to Prudential and to the State of Alabama Department of Insurance, complaining that he and his wife had not been adequately informed by their Prudential agent that they were authorizing a loan transaction, that they had not authorized either the 1986 or the 1990 loans, and that the Prudential *Page 350 
agent had not informed them that the VAL policies would be funded by the proceeds from loans taken against their existing policies. Because of the alleged misrepresentations made, the Littlejohns said they wanted the original policies reinstated to their original form, i.e., they wanted any encumbrance created by the loans to be removed from those original policies.
Mr. Littlejohn met with two Prudential agents in 1990 or 1991. The agents reasserted that the Littlejohns had authorized the loan transactions and that the VAL policies provided good insurance coverage. Mr. Littlejohn stopped making premium payments on the VAL policies after meeting with the Prudential agents; however, the Littlejohns subsequently resumed making premium payments.
Upon receiving information regarding a class action against Prudential, the Littlejohns sued Prudential, Pruco Life Insurance Company, and three Prudential agents (all defendants are referred to sometimes hereinafter as "Prudential") on February 6, 1997, alleging fraud, deceit, and misrepresentation in the sale and servicing of the VAL policies, and alleging conversion. Prudential moved for a summary judgment on May 22, 1998, contending the Littlejohns' fraud and conversion claims were barred by the applicable statutes of limitations. See Ala. Code 1975, §§ 6-2-38 and 6-2-3 and 6-2-34. The trial court entered a summary judgment in favor of Prudential. The Littlejohns appealed. The Court of Civil Appeals reversed, holding that the evidence created a jury question as to whether the Littlejohns had "justifiably relied" upon the representations made by Prudential and the Alabama Department of Insurance, so as to toll the running of the limitations period.Littlejohn v. Prudential Ins. Co. of America, 785 So.2d 345
(Ala.Civ.App. 1999). We granted the defendants' petition for certiorari review. We reverse and remand.
This case was filed before this Court decided Foremost Insurance Co. v.Parham, 693 So.2d 409 (Ala. 1997), which overruled the "justifiable-reliance" standard for testing fraud claims and adopted in its place the "reasonable-reliance" standard (for fraud claims filed after March 14, 1997). In order to establish a fraud claim under that justifiable-reliance standard, the plaintiff must show (1) that the defendant misrepresented "a material fact"; (2) that the misrepresentation was made "willfully to deceive" or was made "recklessly without knowledge"; (3) that the plaintiff "justifiably relied upon" the misrepresentation and that "under the circumstances that reliance was justifiable"; and (4) that the plaintiff was damaged as a proximate result of the reliance. Gonzalez v. Blue Cross/BlueShield of Alabama, 689 So.2d 812, 821 (Ala. 1997).
Prudential contends that the Littlejohns did not rely on Prudential's representations and that the Department's representations could not support a finding of the reliance necessary to toll the running of the limitations period. We must first consider whether the evidence would support a holding that the running of the limitations period was tolled by any actions or representations on the part of Prudential so that the Littlejohns' fraud claim could be taken as timely filed. The Littlejohns conveyed their dissatisfaction with the VAL policies through several letters and oral communications. Mr. Littlejohn contacted Prudential in writing on May 4, 1990, stating, in part:
 "I, Franklin Littlejohn, have been a client of Prudential Insurance Company for eighteen years. I have been satisfied with the services provided by Prudential until loans were made against my policies that I was unaware of. . . . *Page 351 
 "Your agent, Clarence Edwards, did not explain to me such a loan was being secured, nor did I knowingly authorize one in 1986, 1990, or any other time. Mr. Edwards said the accumulated dividends from previous policies and a small increase in my monthly payment was sufficient to cover the [VAL policies]. If I had been given the option to pay for additional coverage or secure a loan, I would have paid because I was financially able. Since the loan situation has surfaced, I have become disillusioned with Prudential. Therefore, I would like a total refund of the full cash value of my accumulated dividends."
On September 13, 1990, Mr. Littlejohn wrote another letter to Prudential, expressing his dissatisfaction with Prudential's handling of the VAL policies. That letter stated:
 "Since my last communication with you, I have done some serious soul-searching concerning my life insurance. Unfortunately, I have come to the conclusion, I cannot establish the same confidence in Prudential because of misrepresentation by your agent, Clarence Edwards. Therefore, I would like for [my] policies [to be] reinstated to their original status . . . minus any loans.
 "Mr. Delligatti, the manager, and Mr. Blue, the agent have explained the circumstances and benefits surrounding the [VAL policies]. However, I do not feel as though I should be penalized because of misrepresentation by Mr. Edwards[.] I hope this matter can be expedited as soon as possible.
On October 19, 1990, Prudential wrote the Littlejohns a letter to advise them of Prudential's findings after it had reviewed the circumstances surrounding the Littlejohns' purchase of their VAL policies. In that letter, Prudential noted that by signing the VAL applications, the Littlejohns acknowledged receipt of the prospectus and agreed to the terms and provisions in the prospectus and the application. After addressing Mr. Littlejohn's concerns, Prudential further stated:
 "[W]e believe that the proper procedures were followed for a transaction of this kind [and] that you were provided with a fair opportunity for an understanding of what took place. We believe that the recommendation to purchase our Variable Appreciable Life Insurance contract was reasonable and suitable and find no basis for an adjustment as you have requested.
 ". . . In view of our findings we believe that you have been treated fairly by our Company and our Representative."
On December, 17, 1990, Mr. Littlejohn wrote a letter to the Department of Insurance, expressing his desire to have the policies reinstated to their original forms "due to the deceitful maneuvers implemented to acquire loans." On January 24, 1991, Prudential wrote a letter to the Department, addressing Mr. Littlejohn's complaints and reiterating that Prudential felt the Littlejohns had been treated fairly and had been provided good insurance. Mr. Littlejohn testified that he had a number of conversations with Prudential agents to voice his complaints about his VAL policies and that he asked Prudential to "make it right." He testified that the agents told him that he did not have a problem and that his insurance was good. Mr. Littlejohn further testified that he knew by the end of 1991 that Prudential was claiming that his 1986 policy had been funded in part by loans from some of his old insurance policies.
Despite Prudential's refusal to reinstate the policies to their original status, and despite the fact that the Littlejohns knew by the end of 1991 that loans had been *Page 352 
taken against their existing policies to fund the VAL policies, they did not file a complaint until February 6, 1997, almost seven years after they first became aware of the alleged fraud. The evidence would not support a finding that in delaying their filing for almost seven years the Littlejohns were "justifiably relying" on the alleged misrepresentations of Prudential.
We must next determine whether the representations of a third party, such as the Department, can support a finding of justifiable reliance that would toll the running of the limitations period. As a general rule, they do not.[1] Section 6-2-3, Ala. Code 1975, reads:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting fraud, after which he must have two years within which to prosecute his action."
We have stated that "[u]nder this provision the general statute of limitations is . . . tolled and the time period for bringing an action extended when there has been a fraudulent concealment by the partyguilty of fraud." Parsons Steel, Inc. v. Beasley, 522 So.2d 253, 256
(Ala. 1988) (citing Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784
(Ala. 1981)). (Emphasis added.) We hold that the evidence would not support a finding that the Littlejohns justifiably relied on any representations of the Department of Insurance. Consequently, we hold that the actions of the Department of Insurance in this case did not toll the running of the statute of limitations.
The fraud claim is barred because it was not filed within two years after the Littlejohns became aware of the alleged fraud. See § 6-2-3, Ala. Code 1975.
Likewise, the Littlejohns' conversion claim is barred by the statute of limitations. The statute of limitations for conversion allows six years for filing a claim. See Ala. Code 1975, § 6-2-34. If the conversion claim is based upon the doctrine of respondeat superior, it is subject to a two-year statute of limitations. See Ala. Code 1975, § 6-2-38(n). Prudential took the allegedly unauthorized loans in April 1986 and March 1990. The Littlejohns filed their complaint alleging conversion almost seven years after the last loan was taken. As a result, the conversion claim is time-barred.
The trial judge properly entered the summary judgment in favor of Prudential. Therefore, the judgment of the Court of Civil Appeals reversing that summary judgment is reversed. This case is remanded for the Court of Civil Appeals to reinstate the summary judgment.
REVERSED AND REMANDED.
Hooper, C.J., and Houston, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.
Maddox, J., concurs in the result.
See, J., recuses himself.
[1] We note that in the context of will contests, this Court has held that the fraudulent concealment of a will, even if it is concealed by a third party, will toll the running of the limitations period for filing a will for probate. See Vandergrift v. Lagrone, 477 So.2d 292 (Ala. 1985). In Vandergrift, we stated that the fraudulent concealment of a will should not deprive a proponent of a will of the opportunity to establish his right to property. *Page 353