BOLIN, Justice.
Carolyn Wilson Floyd petitions this Court for a writ of mandamus directing Judge Thomas ap R. Jones of the Hale Circuit Court to set aside his order denying her motion to dismiss the will contest filed by Carlean Wilson Wakefield on the ground that the action is barred by § 43-8-199, Ala.Code 1975, which provides that an action to contest a will must be filed within six months after the admission of the will to probate. We grant the petition.

I. Facts and Procedural History

S.L. Wilson, Sr. (sometimes hereinafter referred to as “the father”), a resident of Hale County, died on March 17, 2010. At the time of his death, Wilson was survived by his children: Floyd, Wakefield, S.L. Wilson, Jr., Luci Wilson Montgomery, Isaac Wilson, and Eddie Wilson. On July 5, 2010, Wakefield wrote a letter addressed to three Hale County judges (the circuit judge, the district-court judge, and the probate-court judge) expressing concerns regarding her father’s estate, inquiring if her father’s will had been admitted to probate, and implying that she was going to contest his will; Wakefield received no answer.
On February 2, 2011, Floyd, named by Wilson as the personal representative of Wilson’s estate, filed a petition in the Hale County Probate Court seeking to probate Wilson’s will. On March 10, 2011, Wake-field wrote a second letter addressed to Hale County Probate Judge Leland Avery informing him, among other things, that she “wish[ed] to contest the will and address this forum in circuit court.” (Emphasis added.) After a hearing, which Wakefield attended, the probate court on March 22, 2011, admitted the will to probate and issued letters testamentary to Floyd. On April 20, 2011, Wakefield wrote a third letter addressed to Floyd’s attorney, informing him that she was contesting the will because “it is believed to be fabricated to misrepresent the true intent of S.L. Wilson, Sr.[’s] inheritance to his heirs.”
On February 15, 2012, Wakefield filed in the Hale Circuit Court a “complaint contesting will,” and on February 16, 2012, she obtained an order removing the administration of her father’s estate from the probate court to the Hale Circuit Court. Floyd moved to dismiss the complaint filed in the circuit court on the ground that the circuit court lacked subject-matter jurisdiction because, she said, Wakefield had not filed her will contest within six months after the will was admitted to probate as required by § 43-8-199, Ala.Code 1975. Wakefield opposed the motion, claiming that she did not learn of the existence of the probate proceeding until February 12, 2011, but also claiming that her letters to the Hale County judges, to Judge Avery, and to Floyd’s lawyer were notice of her intent to contest the will and to seek removal of the administration of the estate and/or the will contest to the circuit court. Wakefield therefore claimed that her action contesting the will was timely under § 43-8-190, Ala.Code 1975 (will contest filed before will admitted to probate), § 43-8-198 (transfer of a will contest from probate court to circuit court), and § 43-8-199, Ala.Code 1975 (will contest filed after will admitted to probate). Wakefield further claimed that the six-month limit in § 43-8-199 is inapplicable because she alleged fraud pursuant to § 43-8-5, Ala. Code 1975, thereby, she says, tolling the limitations period of § 43-8-199. The circuit court denied Floyd’s motion to dismiss *1195 Wakefield’s will contest. Floyd then petitioned this Court for a writ of mandamus.

II. Standard of Review

A petition for a writ of mandamus is a proper means by which to review questions of subject-matter jurisdiction. Ex parte Punturo, 928 So.2d 1030 (Ala.2002).
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003).
In Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”

III. Discussion

In her petition for a writ of mandamus, Floyd contends that the circuit court exceeded the scope of its authority by refusing to dismiss Wakefield’s will contest for lack of subject-matter jurisdiction because, she says, the contest was not filed within six months of the admission of the will to probate as required by § 43-8-199, Ala. Code 1975. Wakefield, on the other hand, claims that her July 5, 2010, letters to the judges of Hale County and her March 10, 2011, letter to Judge Avery constituted a contest of the will before it was admitted to probate, as provided in § 43-8-190. Specifically, she claims that her letters, which were dated before the will was admitted to probate, were notice of her intent to contest the will and to seek removal of the administration of her father’s estate and/or the will contest to the circuit court. In other words, Wakefield claims that her letters constitute adequate pleading and documentation of a will contest in the probate court.
Alabama law pertaining to will contests is well settled and long-standing:
“In Alabama a will may be contested in two ways: (1) under § 43-8-190, Code of Alabama 1975, before probate, a contest may be instituted in the probate court or (2) under § 43-8-199, Code of Alabama 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.”
Stevens v. Gary, 565 So.2d 73, 74 (Ala.1990).
Section 43-8-190 provides:
“A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where it is offered for probate allegations in writing that the mil was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the *1196 court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant; and such issue must, on application of either party, be tried by a jury.”
(Emphasis added.)
Section 43-8-199 provides for a will contest after a will has been admitted to probate, which must be brought in the circuit court. Section 43-8-199 provides:
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
Wakefield cites Ex parte Barrows, 892 So.2d 914, 918 (Ala.2004), for the proposition that her letters addressed to the Hale County judges and her letter to Judge Avery constituted adequate pleading and documentation for the filing of an initial will contest in the probate court. We disagree. In Ex parte Barrows, this Court held that the filing of the copy of a complaint previously filed in the probate court with the word “probate” marked out and the word “circuit” inserted in its place in the style and the filing of a circuit-court cover sheet constituted adequate pleading and documentation of the filing of a will contest in the circuit court. Specifically, this Court stated:
“Applying the law and the reasoning set forth in Dunning [v. New England Life Insurance Co., 890 So.2d 92 (Ala.2003) ], we must conclude that the filing of the copy of the complaint previously filed in the probate court with the word ‘probate’ marked out and the word ‘circuit’ inserted in its place in the style and the filing of a circuit court cover sheet constituted adequate pleading and documentation for the filing of the will contest in the circuit court. While the complaint appears to be a xeroxed copy of the complaint originally filed in the probate court, the complaint properly contains the name of the court, the title of the action, the file number, and the designation that it is a ‘complaint contesting will.’ See Rule 10, Ala. R. Civ. P. Additionally, applying the principle of law set forth in Dunning that a signature may be affixed in different ways, the attorney’s signature, although not original, properly certified the allegations in the complaint. See Rule 11, Ala. R. Civ. P. See also Dunning, supra (noting that Rule 11 does not provide the method by which a pleading is to be signed). Additionally, Shields Jr. properly filed a cover sheet pursuant to Rule 3(b), Ala. R. Civ. P. Lastly, the docket fee was timely filed.”
892 So.2d at 918.
Clearly, Ex parte Barrows is distinguishable from the present case. The contestant to the will in Ex parte Barrows “filed” an actual complaint, albeit not an original, containing the necessary allegations, with the circuit court as evidenced by the timely filing of the docket fee. Section 43-8-190 specifically states that “[a] will, before the probate thereof, may be contested ... by filing in the court where it is offered for probate allegations in writing....” Wakefield’s letters in the present case were not filed with the probate court; they were not stamped “filed” by the clerk of the probate court. Instead, they were merely letters addressed to and sent to the Hale County judges, including Judge Avery, expressing, for the most part, Wakefield’s general concerns about a family matter. The first letter, dated July 5, 2010, to the three judges was sent seven months before the petition to probate the *1197 will was filed, when no proceeding whatsoever was pending. The second letter, to Judge Avery, indicated that Wakefield wished to “address this forum in circuit court.” We note again that, after sending that letter, Wakefield appeared personally in the probate court on the day the probate court considered and granted Floyd’s petition to probate the will. Furthermore, the complaint in Ex parte Barrows contained, among other things, the name of the court, the title of the action, the file number, and the designation in the complaint that that action was a will contest. Wakefield’s letters to Judge Avery and to Floyd’s attorney in the present case contain scant characteristics of a complaint; they do not include the title of the action, the file number, or any designation that they were intended as a will contest. Instead, the wording of the letters can be interpreted as showing Wakefield’s position regarding the will, i.e., her “desire” to contest her father’s will. Accordingly, the letters did not constitute a properly drafted pleading and/or will contest filed in the probate court.
There being no further action taken by Wakefield concerning her purported attempt at a will contest in the probate court before the admission of the will to probate, there was simply an estate administration before the probate court. The only provision available to Wakefield for contesting the will after its admission to probate is § 48-8-199, Ala.Code 1975, which, as noted above, states: (Emphasis added.) Because jurisdiction in a will contest is conferred by statute, “§ 43-8-199 was enacted to provide an additional opportunity for contesting a will already admitted to probate.” Simpson v. Jones, 460 So.2d 1282, 1284-85 (Ala.1984).
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
In Simpson, this Court stated:
“Because will contest jurisdiction is statutorily conferred, proceedings under § 48-8-190 and § 43-8-199 must comply exactly with the terms of the applicable statute. ‘It is familiar law in Alabama, the only way to quicken into exercise a statutory and limited jurisdiction is by pursuing the mode prescribed by the statute.’ Ex parte Pearson, 241 Ala. 467, 469, 3 So.2d 5, 6 (1941). Section 43-8-199 mandates that, in order to commence a valid contest of a will already admitted to probate, a person with an interest in the will file a complaint in circuit court and ‘quicken’ that court’s jurisdiction of the contest.”
460 So.2d at 1284.
In the present case, the will was admitted to probate on March 22, 2011. Wake-field filed her “complaint contesting will” on February 15, 2012. Floyd moved to dismiss the will contest because it was filed well beyond the six-month time limitation prescribed in § 43-8-199. In her “opposition to motion to dismiss,” Wake-field argues that the time in which to file the will contest was tolled by the application of § 43-8-5, Ala.Code 1975, which provides:
“Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this chapter or if fraud is used to avoid or circumvent the provisions or purposes of this chapter, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide pur *1198 chaser) benefítting from the fraud, whether innocent or not. Any proceeding must be commenced within one year after the discovery of the fraud or from the time when the fraud should have been discovered, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of the commission of the fraud. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.”
“Section 43-8-5, Ala.Code 1975, was enacted in 1982, and it extends, under limited circumstances, the time for filing an action relating to the fraudulent administration of an estate.” Holway v. Wanschek, 690 So.2d 429, 433 (Ala.Civ.App.1997). Section 43-8-5 states, in part, that “[a]ny proceeding must be commenced within one year after the discovery of the fraud or from the time when the fraud should have been discovered.” In Christian v. Murray, 915 So.2d 23 (Ala.2005), this Court concluded that “the Legislature intended that the fraud necessary to toll the time for filing a will contest must be that kind of fraud that would allow relief for ‘fraud on a court.’ ” 915 So.2d at 28. In Waters v. Jolly, 582 So.2d 1048, 1055 (Ala.1991), this Court defined “fraud on the court” as
“that species of fraud that defiles or attempts to defile the court itself or that is a fraud perpetrated by an officer of the court, and it does not include fraud among the parties, without more.”
(Citing Brown v. Kingsberry Mortg. Co., 349 So.2d 564 (Ala.1977), and Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987).)
In other words, the tolling provision of § 43-8-5 applies when a contestant of a will shows that the proponent of the will has engaged in fraud in connection with the administration of the estate; that Code section “has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.” § 43-8-5, Ala.Code 1975. See, e.g. In re Estate of Hudson, 887 So.2d 923 (Ala.Civ.App.2004)(during administration of estate, attorney for estate misrepresented amount of outstanding mortgage indebtedness on property); Hol-way, supra (during time from admission of will to probate until complaint was filed in the will contest, proponents concealed the fact that testator’s son was not named as a beneficiary of his mother’s estate); Burch v. Burgess, 521 So.2d 921 (Ala.1988)(son failed to contest the probate of his mother’s will because the executrix and sole beneficiary had told the son that the mother had died without assets and that he need not go to the probate court); Vandegrift v. Lagrone, 477 So.2d 292 (Ala.1985) (limitations period for filing petition to probate will tolled as result of proponent’s father’s fraudulent concealment of existence of proponent’s grandfather’s will); and Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941)(limitations period for filing petition to probate will tolled when existence of testator’s will was fraudulently concealed from proponent).
The allegations in Wakefield’s February 15, 2012, “complaint contesting will” govern this Court’s ruling on Floyd’s motion to dismiss. The complaint alleges the following:
“[Wakefield] would be an heir of the decedent...
“[Wakefield] avers that the said will was not executed in the mode and manner prescribed by law.
“2. [Wakefield] avers that the decedent was of unsound mind and mentally incompetent and did not possess testamentary capacity to make and execute a will on the 15th day of October, 2009.
*1199 “3. [Wakefield] avers that the will ... was procured through undue influence exercised upon the decedent by one (or more) of the distributes of the estate of said decedent as set forth in said contested will, and
“4. That a distributee of the estate was in a confidential relationship with the decedent. That said distributee was dominant and controlling in this relationship and exercised undue activity in procuring the execution of the will being contested. Furthermore, that the decedent was infirm and incompetent. That as a result of this undue influence and while in this condition and relationship the decedent executed the will being contested. That the decedent was persuaded to sign the purported will by a beneficiary of the contested will, and such will, because of this undue influence is not the true last will and testament of the deceased.
‘WHEREFORE, [Wakefield] prays that this Court will set his matter for a hearing and that the issues involved herein will be made up and tried in this Court to determine whether the said will is the true Last Will and Testament of the said decedent....”
The allegations in Wakefield’s complaint are nothing more than generalized assertions of grounds for a will contest, i.e., lack of due execution of the will, lack of testamentary capacity of the testator, and undue influence in procuring the execution of the will during Wilson’s lifetime. These allegations neither relate to fraud in connection with the administration of Wilson’s estate nor, more particularly, equate to fraud upon the court. It is undisputed that Wilson’s will was admitted to probate on March 22, 2011, and that Wakefield’s contest in the circuit court was filed on February 15, 2012, almost 10 months later. Accordingly, the tolling provisions of § 43-8-5 do not apply, because they were not alleged or embraced in Wakefield’s complaint.

IV. Conclusion

Based on the foregoing, Floyd properly invoked the jurisdiction of this Court, and she has shown a clear legal right to the dismissal of the will contest because the circuit court lacked jurisdiction over the contest. Accordingly, the petition for a writ of mandamus is granted and the circuit court is directed to grant Floyd’s motion to dismiss Wakefield’s will contest.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and WOODALL, MURDOCK, and MAIN, JJ„ concur.